## Case No. 9,830.

MORRIS et al. v. GARDNER.

[1 Cranch, C. C. 213.] [1]

Circuit Court, District of Columbia. Dec. Term, 1804.

PRINCIPAL AND SURETY — INDORSER ON NOTE — NOTICE — DELAY — KNOWLEDGE OF MAKER'S INSOLVENCY.

1. Notice to an indorser is necessary, unless he knew the maker to be insolvent at the time of indorsement.

2. Where the parties live within two miles of each other, nine days' delay is fatal.

3. A subsequent promise by the defendant to pay, made with a full knowledge of his discharge, will bind him.

Assumpsit against the defendant [John Gardner] as indorser of a note of Anderson; and for goods sold and delivered; and for money had and received; and upon an assumpsit in writing to pay seventy dollars for Anderson. The evidence was that the defendant was indebted to the plaintiffs [B. W. Morris and others] for goods sold; and gave and indorsed to the plaintiffs Anderson's note for a smaller amount than the debt due for the goods, which note was to be collected by plaintiffs, and when received, the money was to be applied to the credit of the defendant. The note became payable 9 and 12 July, 1802. The plaintiffs received on the 21st of July, forty dollars in part. No notice was given to the defendant of non-payment, until after the receipt of the forty dollars. The defendant lived in Washington. The plaintiffs' agent, who held the note, lived in Georgetown. Afterwards, and after the note was payable, and after the payment of the forty dollars, to wit, at last term, the plaintiffs recovered judg-

1 [Reported by Hon. William Cranch, Chief Judge.]

ment against the defendant for the balance of the account of goods sold, after deducting the amount of the note. Gardner said, at the time of indorsing the note, that he expected that it would be difficult to get the money of Anderson, but the plaintiffs could get it better than he could.

Upon the first count, (which is on the note,) THE COURT gave the following instruction: That it is necessary for the plaintiffs to prove that a demand was made on Anderson, the maker, and notice of his refusal given to Gardner, the indorser, in due time, unless it should appear that Anderson was insolvent when the note was indorsed and delivered to the plaintiffs, and was known by Gardner to be so: That the defendant, Gardner, was discharged from his liability by the want of such demand and notice, but that his assumption would make him again liable, if made under a knowledge of the facts and of the law as to his being discharged: And, further, that if the jury should be of opinion, from the evidence, that the defendant lived in the city of Washington, and the plaintiffs' agent in Georgetown, the distance being about two miles, notice to the defendant, given nine days after the last day of grace, was not reasonable notice.

Verdict for plaintiffs.

Quaere. See De Berdt v. Atkinson, 2 H. Bl. 336, and Nicholson v. Gouthit, Id. 609, as to the necessity of notice in case of known insolvency.